UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEIRDRE WARD,

    Plaintiff,

v.                                                      Case No. 1:06-CV-487
                                                            Hon. Gordon J. Quist

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI).[1]

Plaintiff was born on October 17, 1964 and attended school through 9th grade (AR 65, 547).[2] Plaintiff alleged that she had been disabled since February 1, 2002 (AR 66). She later amended her alleged onset date to November 15, 2003 (AR 548). She had previous employment as a machine operator, residential aide and home health aide (AR 132). Plaintiff identified her disabling conditions as depression, anxiety attacks ("can't work around a lot of people"), a learning disability and the inability to work long hours (AR 106).

Plaintiff previously filed applications for DIB and SSI in November 2002, which were denied on June 27, 2003 (AR 12). Plaintiff filed the present applications for DIB and SSI on January

---

[1] Plaintiff is sometimes referred to in the administrative record as "Deirdre Thomas" (AR 521).

[2] Citations to the administrative record will be referenced as (AR "page #").

13, 2004 (AR 12). After administrative denial of these applications, an ALJ reviewed plaintiff's claims *de novo* and entered a decision denying these claims on January 3, 2006 (AR 12-19). This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

## I. LEGAL STANDARD

This court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. §405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Servs.*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence *de novo*, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §§ 404.1505 and 416.905; *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not

3

disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

The federal court's standard of review for SSI cases mirrors the standard applied in social security disability cases. *See Bailey v. Secretary of Health and Human Servs.*, No. 90-3265, 1991 WL 310 at * 3 (6th Cir. Jan. 3, 1991). "The proper inquiry in an application for SSI benefits is whether the plaintiff was disabled on or after her application date." *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993). *See Brooks v. Sullivan*, No. 90-5947, 1991 WL 158744 at *2 (6th Cir. Aug. 14,1991) ("[t]o establish medical eligibility for SSI, plaintiff must show either that he was disabled when he applied for benefits . . . or that he became disabled prior to the Secretary's issuing of the final decision on this claim . . . 20 C.F.R. §§ 416.335, 416.330").

## II.  ALJ'S DECISION

Plaintiff's claim failed at the fourth step of the evaluation. Following the five steps, the ALJ initially found that plaintiff has not engaged in substantial gainful activity since her amended disability onset date of November 15, 2003 (AR 18). Second, the ALJ found that plaintiff had severe impairments of "arthritic/muscular/ligament disorders involving the knees and feet and an affective disorder" (AR 18). At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (AR 18).

The ALJ decided at the fourth step that plaintiff had the residual functional capacity (RFC) as follows:

> She can lift 20 pounds occasionally and 10 pounds frequently, can sit at least six hours in an eight-hour workday, and has no limitation in pushing and pulling. She

> is limited in standing or walking more than two hours in an eight-hour workday and can only do occasional climbing, balancing, kneeling, crouching, and crawling. She should also avoid concentrated exposure to extreme cold and heat and vibration. She is moderately limited in maintaining attention and concentration for extended periods, in completing a normal workday and workweek without interruptions from psychologically-based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods, and in responding appropriately to changes in the work setting.

(AR 18). The ALJ also found that plaintiff's statements regarding her impairments and their impact on her ability to work were not totally credible (AR 18).

The ALJ further found that plaintiff's past relevant work as a machine operator did not require the performance of work-related activities precluded by her RFC and that her impairments did not prevent her from performing her past relevant work (AR 19). Accordingly, the ALJ determined that plaintiff was not under a "disability" as defined by the Social Security Act and entered a decision denying benefits (AR 27).

## III. ANALYSIS

Petitioner raises three issues on appeal:

**A.  Whether the Commissioner erred in failing to find Dierdre Ward's obesity as a severe impairment.**

Plaintiff contends that the ALJ committed error when he failed to find her obesity as a severe impairment and failed to evaluate her obesity pursuant to SSR 00-03p. Plaintiff's Brief at 10.

### 1.  Obesity as a severe impairment

A "severe impairment" is defined as an impairment or combination of impairments "which significantly limits your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). Upon determining that a claimant has one severe impairment the ALJ must

continue with the remaining steps in the disability evaluation. *See Maziarz v. Secretary of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Id.* An ALJ can consider such non-severe conditions in determining the claimant's residual functional capacity. *Id.* Here, the ALJ found that plaintiff suffered from severe impairments of "arthritic/muscular/ligament disorders involving the knees and feet and an affective disorder" (AR 18) and continued with the remaining steps of the sequential evaluation. The ALJ's failure to classify plaintiff's obesity as a severe impairment was not, in and of itself, reversible error. *Maziarz*, 837 F.2d at 244. Accordingly, this claim is without merit.

### 2. ALJ's evaluation of plaintiff's obesity

Next, plaintiff contends that the ALJ did not perform an individualized assessment of the impact of her obesity as required under SSR 00-03p. As an initial matter, plaintiff's reliance on SSR 00-03p is misplaced, because that ruling was superseded by SSR 02-01p. Accordingly, the court will review this claim under SSR 02-01p.

Although the agency deleted obesity from the Listing of Impairments in 20 C.F.R., subpart P, Appendix 1, the Commissioner views obesity as a medically determinable impairment that can be considered when evaluating a claimant's disability:

> [Even] though we deleted listing 9.09, we made some changes to the listings to ensure that obesity is still addressed in our listings. In the final rule, we added paragraphs to the prefaces of the musculoskeletal, respiratory, and cardiovascular body system listings that provide guidance about the potential effects obesity has in causing or contributing to impairments in those body systems. See listings sections 1.00Q, 3.00I, and 4.00F. The paragraphs state that we consider obesity to be a medically determinable impairment and remind adjudicators to consider its effects when evaluating disability. The provisions also remind adjudicators that the

> combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately. They also instruct adjudicators to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity.

SSR 02-01p, text available at [www.ssa.gov](www.ssa.gov) . However, the Commissioner is not required to consider obesity in every case. As the court stated in *Bledsoe v. Barnhart*, 165 Fed.Appx. 408 (6th Cir. 2006):

> Social Security Ruling 02-01p does not mandate a particular mode of analysis. It only states that obesity, in combination with other impairments, "may" increase the severity of the other limitations. It is a mischaracterization to suggest that Social Security Ruling 02-01p offers any particular procedural mode of analysis for obese disability claimants.

*Bledsoe*, 165 Fed.Appx. at 411-412.

Here, the record contains evidence of plaintiff's obesity. Treatment notes from James Kosiur, D.O., state that plaintiff "appears slight[ly] obese" (AR 300). A psychiatrist, Russell V. Brubaker, M.D., characterized plaintiff's condition as "moderate obesity' (AR 352). A DDS examiner, William Schauman, M.A., described plaintiff as "visibly obese" (AR 377). Finally, a non-examining DDS physician, Dr. Weintraub, stated in a physical RFC assessment that plaintiff had a primary diagnosis of mild arthritis in the left knee, a body mass index (BMI) of 40.1 (which constitutes is referred to as "extreme obesity" under SSR 02-01p) and a secondary diagnosis of "obese foot spurs" (AR 404, 406). Dr. Weintraub noted that plaintiff's "obesity adds to limitation" (AR 409). Based on plaintiff's limitations, including her obesity, Dr. Weintraub concluded that she could perform light work (i.e., lift no more than 20 pounds with frequent lifting of objects weighing up to 10 pounds), stand for at least 2 hours in an 8-hour workday, sit about 6 hours in an 8-hour

workday, and engage in only occasional climbing, balancing, kneeling, crouching, and crawling (AR 405-06).

The ALJ's decision did not include a separate discussion of plaintiff's obesity. However, the ALJ agreed with Dr. Weintraub's opinion, which explicitly considered the limitations posed by plaintiff's obesity (AR 17-19). By adopting Dr. Weintraub's opinion, the ALJ considered the additional limitations posed by plaintiff's obesity, and followed the guidelines as set forth in SSR 02-01p. Accordingly, the ALJ properly accounted for plaintiff's obesity.

> **B.    Whether the Commissioner erred in finding Ms. Ward's credibility as being "less than credible" when it [sic] did not base its [sic] finding on substantial evidence and failed to properly consider the side effects of her many medications on her ability to work.**

It is the ALJ's function to resolve conflicts in the evidence and determine issues of credibility. *See Siterlet v. Secretary of Health and Human Servs.*, 823 F. 2d 918, 920 (6th Cir. 1987) (per curiam); *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984). An ALJ's credibility determinations are accorded deference and not lightly discarded. *See Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993); *Hardaway v. Secretary of Health and Human Servs.*, 823 F.2d 922, 928 (6th Cir. 1987). An ALJ may discount a claimant's credibility where the ALJ "finds contradictions among the medical records, claimant's testimony, and other evidence." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997). *See also Tyra v. Secretary of Health and Human Servs.*, 896 F.2d 1024, 1030 (6th Cir. 1990) (ALJ may dismiss claimant's allegations of disabling symptomatology as implausible if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict). "In sum, while credibility determinations regarding subjective complaints rest with the ALJ, those

determinations must be reasonable and supported by substantial evidence." *Rogers v. Commissioner of Social Security*, 486 F.3d 234, 249 (6th Cir. 2007).

The regulations list seven factors to be used by the Commissioner in assessing the credibility of an individual's statements regarding symptoms and pain: the claimant's daily activities; the location, duration, frequency, and intensity of pain or other symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; treatment, other than medication, received for relief of pain or other symptoms; any measures used to relieve pain or other symptoms; and, other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3)(i-vii).

Plaintiff contends that the ALJ failed to properly evaluate her credibility with respect to her pain, depression and the side effects of her medication. The court disagrees.

First, the ALJ found that plaintiff's "persistent pattern of not following medical treatment suggests that the claimant's pain is not as overwhelming as she has alleged" (AR 16). The ALJ noted that plaintiff, "while alleging debilitating foot and knee symptoms, has failed to attend physical therapy sessions and medical appointments on many occasions without providing an adequate explanation for her absence" (AR 16). Given plaintiff's allegations of disabling pain, one would expect her to use every medical resource to improve that condition. Plaintiff's failure or refusal to do so suggests that her condition is not as dire as she alleges, and detracts from her credibility. *See generally, Sias v. Secretary of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988) (finding that claimant's failure to lose weight and stop smoking was not consistent with the lifestyle of a person suffering from intractable pain).

9

Second, the ALJ noted that plaintiff completed the goals of her mental health treatment plan and was discharged from therapy in June 16, 2003 (AR 15, 330). The ALJ also found that plaintiff's allegations of disabling limitations were not totally credible based upon her daily activities, which included caring for her personal needs, doing home exercises for her feet, attending up to three doctor appointments a day, talking with her boyfriend and family members, watching television and movies, attending church services, cooking, reading the Bible and magazines, and caring for her grandchildren (AR 16). Such endeavors are not indicative of an invalid, incapable of performing work related activities. *See Gist v. Secretary of Health and Human Servs.*, 736 F.2d 352 (6th Cir. 1984)(capacity to perform daily activities on a regular basis will militate against a finding of disability).

Third, the ALJ found that the medical record did not support plaintiff's claim that she suffered significant side effects from her medications (AR 16). Allegations of a medication's side effects "must be supported by objective medical evidence." *Farhat v. Secretary of Health and Human Servs.*, No. 91-1925, 1992 WL 174540 at * 3 (6th Cir. July 24, 1992). *See, e.g., Bentley v. Commissoner of Social Security*, No. 00-6403, 2001 WL 1450803 at *1 (6th Cir. Nov. 6, 2001) (noting absence of reports by treating physicians that claimant's "medication caused drowsiness as a side effect"); *Dodd v. Sullivan*, 963 F.2d 171, 172 (8th Cir. 1992) (no evidence in record that claimant told his doctors that the medication made him drowsy); *Swindle v. Sullivan*, 914 F.2d 222, 226 (11th Cir. 1990) (noting that the record did not disclose concerns about side effects by the several doctors who examined and treated claimant). Plaintiff presents no evidence that she reported debilitating side effects to her treating or examining physicians. While plaintiff testified that she does not feel good enough to get out of bed on four days a week because of her feet and depression,

she did not attribute this condition to her medication (AR 576).  Counsel's argument that some of plaintiff's prescribed medications carry side effects of dizziness, drowsiness, fatigue and weakness, does not establish that plaintiff suffered from these side effects.  Plaintiff's Brief at 13.

Accordingly, the court concludes that the ALJ properly evaluated plaintiff's credibility.

**C.     Whether the Commissioner erred in finding Ms. Ward could return to past relevant work as a machine operator/packer without providing any specific findings or analysis regarding the physical and mental demands of this work as required by SSR 82-62.**

Next, plaintiff contends that the ALJ improperly determined that she can return to her past relevant work, because contrary to SSR 82-62, he simply concluded, without rationale, that plaintiff could perform her past work.  Plaintiff's Brief at 14.  SSR 82-62 provides in pertinent part that:

> In finding that an individual has the capacity to perform a past relevant job, the determination or decision must contain among the findings the following specific findings of fact:
>
> 1. A finding of fact as to the individual's RFC.
>
> 2. A finding of fact as to the physical and mental demands of the past job/occupation.
>
> 3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62, text available at www.ssa.gov.

As an initial matter, plaintiff bears the burden of proving that she cannot perform her past relevant work.  As this court stated in *D'Angelo v. Commissioner of Social Security*, 475 F.Supp.2d 716, 723 (W.D.Mich. 2007):

> It is the claimant's burden at the fourth step of the sequential evaluation to show an inability to return to any past relevant work. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980). To support a finding that a claimant can perform his or her past relevant work, the Commissioner's decision must explain why the claimant can perform the demands and duties of the past job as actually performed or as ordinarily required by employers throughout the national economy. *See Studaway v. Secretary of Health & Human Servs.*, 815 F.2d 1074, 1076 (6th Cir.1987); *see also* 20 C.F.R. § 404.1565.
>
> A VE's [vocational expert's] testimony is not required when the ALJ determines that a claimant is not disabled at step four of the sequential evaluation. *See Banks v. Massanari*, 258 F.3d 820, 827 (8th Cir.2001) (vocational expert testimony is not required until step five of the sequential analysis); *Parker v. Secretary of Health and Human Servs.*, 935 F.2d 270, 1991 WL 100547 at *3 (6th Cir.1991); *Rivera v. Barnhart*, 239 F.Supp.2d 413, 421 (D.Del.2002). However, the ALJ may use a vocational expert's services in determining whether a claimant can perform his past relevant work. 20 C.F.R. § 404.1560(b)(2) (a VE "may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy"). *See, e.g., Dukes v. Barnhart*, 436 F.3d 923, 928 (8th Cir.2006) (observing that the ALJ may use a VE's "expert advice" to assist him in deciding whether the claimant can perform his past relevant work at step four of the evaluation).

*D'Angelo*, 475 F.Supp.2d at 723 -724.

Plaintiff contends that, based upon her counsel's research, the VE's testimony conflicts with definition of a machine operator in the *Dictionary of Occupational Titles* ("*DOT*"). Plaintiff's Brief at 14-15. Specifically, that the job identified in the *DOT* as "machine operator and packer," No. 920-685-078, is classified as a medium exertional level job rather than a light exertional level job as determined by the VE. *Id.* In addition, plaintiff contends that the ALJ failed to inquire as to the specific nature of plaintiff's job as a machine operator. *Id.* at 15.

Plaintiff's contentions are without merit. The ALJ relied on the VE's testimony to establish the physical and mental demands of plaintiff's past work as a machine operator was "light and unskilled" work (AR 573-76). The VE's conclusion was based upon plaintiff's testimony at the

administrative hearing, in which plaintiff described her last machine operator position at Kent Manufacturing as a "sit down job," in which she had to pick out defective parts and "finish the defect that the machine didn't catch" (AR 549). Based upon this record, the ALJ sufficiently established the nature of plaintiff's past relevant work.

Finally, an ALJ is "within his rights to rely solely on the vocational expert's testimony," even if that testimony conflicts with the *DOT*, because "[t]he social security regulations do not require the [Commissioner] or the expert to rely on classifications in the *Dictionary of Occupational Titles*." *Conn v. Secretary of Health and Human Services*, 51 F.3d 607, 610 (6th Cir. 1995). Accordingly, even if the VE's classification of plaintiff's work as "light" rather than "medium" was inconsistent with the *DOT*, the ALJ was entitled to rely on the VE's testimony.

**IV.     Recommendation**

I respectfully recommend that the Commissioner's decision be affirmed.

Entered: July 26, 2007                            /s/ Hugh W. Brenneman, Jr.
                                                  HUGH W. BRENNEMAN, JR.
                                                  United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).